**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ARIADNA ROJAS,**

**Plaintiff,**

**v.** **CASE NO.:**

**3705 DELAND, INC. d/b/a DIXIE'S GENTLEMEN'S CLUB, a limited liability company,**

**Defendant.**
____________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ARIADNA ROJAS (hereinafter "Plaintiff") hereby files this Complaint against the Defendant 3705 DELAND, INC. d/b/a DIXIE'S GENTLEMEN'S CLUB (hereinafter "Defendant" or "the Club"), and states the following:

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 739 (1981). The liquidated damage

provision of the FLSA constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to ensure restoration of the worker to that minimum standard of well-being. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945).

In 2004, the Florida legislature adopted this section of the constitution which specifically mandated that all employers shall pay employees wages no less than the minimum wage for all hours worked in Florida, including tipped employees. Fla. Const. Art X § 24(c). All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const. Art X § 24(a).

This is an action brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and the Florida Constitution, Article. X § 24. Defendant violated the minimum wage and record keeping requirements of the FLSA and the Florida Constitution, Article. X § 24. Plaintiffs seek unpaid wages, including "kick-backs", liquidated damages and reasonable attorneys' fees and costs.

## PARTIES

1. Plaintiff worked as a dancer for the Defendant from May 2022 to March 5, 2023.

2. Defendant's principal address is listed in DeLand, Florida.

3. Defendant is a corporation and operates its business within Volusia County, Florida.

4. Edward Wotitzky is listed as the registered agent for the Defendant.

5. Defendant is subject to the personal jurisdiction of this court.

## JURISDICTION & VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims.

8. Venue is proper in the Middle District of Florida, Pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## FLSA ENTERPRISE COVERAGE

9. At all material times (2022-2023), Defendant were an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

10. At all material times relevant to this action (2022-2023), Defendant made gross earnings of at least $500,000.00 annually.

11. At all material times (2022-2023), Defendant accepted payments from customers based on credit cards issued by out-of-state banks.

12. At all material times (2022-2023) Defendant handled or otherwise worked with materials that have been moved in or produced for interstate commerce (i.e., telephones, computers, pens, and paper).

13. At all times relevant to this action (2022-2023), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked.

14. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

15. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

**FACTUAL ALLEGATIONS**

16. Plaintiff began her employment with Defendant in May 2022.

17. Plaintiff ended her employment with Defendant on March 5, 2023.

18. During her employment, Plaintiff was paid no wages for the hours she worked for the Defendant.

19. Plaintiff worked an average of six (6) shifts/days a week from 5:30 p.m. until 3:30 a.m.

20. Plaintiff was forced by management to stay on slow nights until they made enough money to tip them out.

21. Defendant kept records of Plaintiff's start and end times by scanning the Plaintiff's ID.

22. Plaintiff was not allowed to pick up money after she completed her dances, only the security guards were permitted to pick up money and they forced Plaintiff to tip them out for doing so.

23. Plaintiff could not make decisions regarding advertising of the Defendants' venue.

24. Plaintiff could not make decisions regarding the location of the Defendants' venue.

25. Plaintiff could not make decisions regarding Defendants' business hours.

26. Plaintiff could not make decisions regarding the maintenance of the Defendants' facility.

27. Plaintiff could not make decisions regarding the aesthetics of the Defendants' venue.

28. Plaintiff could not make decisions regarding the inventory of beverages served at the Defendants' venue.

29. Plaintiff could not make decisions regarding the flow of customers entering Defendants' venue.

30. Defendant decided what to charge customers as it related to private dances.

31. Defendant decided what to charge customers as it related to entrance of Defendant's venue.

32. Plaintiff was not financially responsible for the Defendants' facilities.

33. Plaintiff was not financially responsible for Defendants' stage fixtures.

34. Plaintiff was not financially responsible for the decor inside and outside of Defendants' venue.

35. Plaintiff sometimes worked over 40 hours per work week with Defendant.

36. Plaintiff was an integral part of the Defendants' business as an entertainer and dancer.

37. Thus, Plaintiff was dependent on the Defendant and is an employee under the Fair Labor Standards Act and Florida Law.

38. Plaintiff only received tips from customers.

39. In addition to not being paid minimum wage, Plaintiff was also required to tip out approximately $150.00 per shift to other employees, averaging $800 per week.

40. The tip outs included payments to the House Mom, Security, DJ, Door Girl, Bartender and Manager.

41. Plaintiff was also required to pay a house fee of $35-$55 every shift.

42. If Plaintiff did not pay the house fee, Plaintiff would have been subject to termination.

43. Plaintiff was charged an extra fee of $10 per hour that she was late.

44. Plaintiff participated in a "tip pool" while working for Defendant.

45. Defendant created the tip pool.

46. Defendant required its entertainers, including Plaintiff, to participate in the tip pool.

47. Defendant's tip pool included non-tipped employees.

48. Further, Defendant failed to provide Plaintiff with proper notice that it would pay Plaintiff pursuant to a tip credit method.

49. Hence, Defendant violated the terms of the tip credit and Florida Constitution's provision on minimum wages.

50. As a result of these common policies, Plaintiff is entitled to receive $10.00 for each hour worked from May 2022 to September 29, 2022, as repayment for the tip credit improperly deducted from their wages.

51. As a result of these common policies, Plaintiff is entitled to receive $11.00 for each hour worked from September 30, 2022 to March 5, 2023, as repayment for the tip credit improperly deducted from their wages.

52. Plaintiff is also owed reimbursement of their tips that were illegally misappropriated.

53. Defendant made the decision to classify Plaintiff as an independent contractor rather than employee.

59. At all material times, Defendant was an enterprise subject to the Florida Constitution's provision on minimum wages.

60. At all material times (during the last five years), was an enterprise engaged in commerce or in the production of goods for commerce and said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

61. Defendant's employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as napkins, drinks and restaurant supplies which previously travelled through commerce on a daily basis.

62. At all material times (during the last three years), Defendant had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

63. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant as a result of their use of credit card machines which transmitted communications in interstate commerce.

64. Defendant is in the business of providing adult entertainment to the general public.

65. Defendant employed Plaintiff within the last five (5) years.

66. Plaintiff worked in the state of Florida without being paid at least the full minimum wage for all hours worked.

67. Defendant controlled and/or were responsible for the work of Plaintiff.

68. Plaintiff did a specific job, i.e., dancing for and entertaining guests, which was/is an integral part of the business of Defendant.

69. As a result of these common policies, Plaintiff is entitled to receive full minimum for each hour worked as repayment improperly unpaid/deducted from her wages.

70. During her employment, Plaintiff complained about the illegal practices above-describing Defendants' management, and Defendant took no action to stop the illegal practices.

71. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived. *See* Plaintiff's Demand letter attached as Exhibit "A."

72. Plaintiff in this action was an employee who suffered from the pay practices of being improperly paid the tipped minimum wage.

73. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendant.

**COUNT I - VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, SEC. 24**
**(Minimum Wage)**

74. Plaintiff reasserts the allegations set forth in Paragraphs 1 through 5,7; and 16-73 above and incorporate them by reference into this first Claim of Relief.

75. Defendant systematically and willfully did not pay Plaintiff's minimum wage to which they are entitled to under Florida law because Defendant misclassified Plaintiff as an independent contractor when Plaintiff was in fact an employee.

76. Defendant failed to properly compensate Plaintiff as an eligible employee by failing to provide her compensation that was equal to the applicable Florida Minimum Wage Law.

77. Additionally, Defendant systematically and willfully required Plaintiff to participate in Defendants' tip pool, therefore failing to provide compensation that was equal to the applicable Florida minimum wage.

78. Defendant should have utilized the applicable Florida tip credit in determining the calculations and the proper compensation to Plaintiff.

Under Florida law, Plaintiff is entitled to injunctive relief, the recovery of the full amount of unpaid wages owed, liquidated damages, costs, attorneys' fees, and to any other relief which this Court deems just and proper.

**COUNT II**
**VIOLATION OF 29 U.S.C. §§ 206 AND 215**

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5,6,8, 9-15; and 16-73 above and further asserts.

80. Plaintiff is an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

81. Defendant failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

82. Defendant willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

83. Plaintiff is entitled to payment of their minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

84. Defendants' requirement that Plaintiff pay fees and fines to the Club and its Janitors and Bartenders violated the "free and clear" requirement of 29 CFR 531.35.

85. Plaintiff is entitled to receive all unpaid minimum wages from Defendant for the hours that she worked.

86. Plaintiff is entitled to recover from Defendant as part of her wage loss, all fees, tip-outs and fines that they were required to pay in order to work at the Club.

87. Defendants' violation of the FLSA was willful. In other words, Defendant knew or showed reckless disregard for the fact that their wage and "pay to work" policies violated the FLSA.

88. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

89. Defendant failed to act in good faith in implementing and enforcing their wage and "pay to work" policies and their implementation and enforcement of these policies were unreasonable.

90. Defendant violated the record keeping requirements of the FLSA.

91. As a result of its underpayment of minimum wages as alleged above, Defendant are jointly and severally liable to Plaintiff for litigation costs, including reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

**COUNT III**
**REIMBURSEMENT OF HOUSE FEES AND TIPS**

92. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5,6,8; and 16-73 above and further asserts.

93. Defendant further violated the FLSA by requiring the Plaintiff to pay house fees and tip outs as a condition of employment.

94. Defendant further violated the FLSA by requiring that Plaintiff pay a percent of all tips collected back to the club and the end of every shift worked.

95. Defendants' house fee and tip out requirement benefitted the Defendant and caused the Plaintiff potential wages to fall well below the minimum wage.

96. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

97. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

98. The house fees paid by the Plaintiff constitutes "illegal kickbacks" pursuant to 29 CFR § 531.35.

99. The tip-outs paid by the Plaintiff to the Bartenders and Janitors constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

100. These sums must be returned to the Plaintiff to bring Defendants' minimum wage obligations to the Plaintiff consisted with the requirements of the FLSA.

101. Defendants' policy of house fees and tip outs were not recorded in the federal and state tax returns or gross receipts.

102. Defendant are not entitled to a set off or tip credit for sums earned by the Plaintiff.

103. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

a) As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages All unpaid wages at the Florida mandated minimum wage rate;

b) All misappropriated tips;

c) All overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate them;

d) An equal amount of all owed wages as liquidated damages;

e) Reasonable attorney's fees, costs and expenses of this action;

f) Declaratory relief consistent with the allegations raised above;

g) Such other relief to which Plaintiff may be entitled, at law or in equity.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this day 7th of October, 2026.

Respectfully submitted,

**s/ J.P. Numa**
J.P. Numa, Esquire- LEAD COUNSEL
FBN: 1015371
Anthony Hall, Esquire
FBN: 40924
THE LEACH FIRM, P.A.
1560 N. Orange Ave, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: jpnuma@theleachfirm.com
Email: Jcastro@theleachfirm.com
***Attorney for Plaintiff***